CHARBERT IMPORT CORP. ET AL. *v.* UNITED STATES

No. 5262.—Invoices dated Paris, France, October 21, 1935, etc.
Certified October 22, 1935, etc.
Entered at New York November 2, 1935, etc.
Entry No. 11665, etc.

(Decided May 16, 1941)

*Fred Bennett* for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the plaintiffs and the Assistant Attorney General, attorney for the United States, subject to the approval of the Court:

That the merchandise covered by the reappraisements enumerated above, consists of bottles similar in all material respects to the merchandise the subject of *United States* v. *Guerlain, Inc.,* decided in C. A. D. 146.

It is further stipulated and agreed, that the said, merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed, that the issue with respect to said merchandise covered by the reappraisements enumerated above is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed, that as to those cases where the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised value of the merchandise here involved, less the addition made by the importer on entry under duress to meet the advances of the appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the

same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisements are waived as to all merchandise, except bottles.

It is further affirmed by the undersigned Fred Bennett, counsel for the plaintiffs, that all the reappraisements covered by this stipulation have been examined, and he certifies that said reappraisements have been duly signed and filed within the statutory time.

The reappraisements are submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that for the bottles involved wherein the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, such values are the appraised values, less the additions made by the importer on entry under duress to meet the advances of the appraiser in similar cases.

The appeals having been waived insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.